**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 43511**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 640 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 17, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ALAN WAYNE WELLARD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Alan Wayne Wellard appeals from the district court's denial of his motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Wellard was the passenger in a vehicle stopped by the Fort Hall Police on the Fort Hall Indian Reservation in Bingham County for having an expired license tag. Since neither the driver of the vehicle nor Wellard was a tribal member, the officer called Bingham County for assistance. A sheriff's deputy arrived and proceeded with the traffic stop. After making contact with the driver, who consented to a search of the vehicle, the deputy made contact with Wellard. The deputy advised Wellard that the driver had consented to a search of the vehicle and the deputy asked whether Wellard would consent to a search of his person. Wellard replied that he would. In the course of the pat-down search of Wellard, the deputy discovered a scale

1

containing a crystal material that the deputy believed to be methamphetamine. Wellard was placed under arrest. Subsequently, additional drugs and paraphernalia were found on his person.

Wellard was charged with possession of a controlled substance. Wellard filed a motion to suppress any evidence gained from the pat-down search of his person and subsequent arrest, asserting that the search of his person following a vehicle stop could not be justified as a frisk for weapons. Further, Wellard asserted that the search of his person could not be justified as a consensual search because he had effectively withdrawn his consent prior to the beginning of the search. An evidentiary hearing was held and the district court denied Wellard's motion to suppress. Wellard entered a conditional guilty plea to possession of a controlled substance, reserving his right to appeal the denial of the suppression motion. Wellard timely appeals.

## II.

## ANALYSIS

Wellard asserts that the district court erred by denying his motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999). The district court denied Wellard's motion to suppress, finding that Wellard's consent was valid and he did not give an unequivocal indication, either by words or conduct, that he was revoking his previous consent.

Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement, or was otherwise reasonable under the circumstances. *Id.* One such exception is when the search is conducted pursuant to an individual's consent. *State v. Tyler*, 153 Idaho 623, 626, 288 P.3d 840, 843 (Ct. App. 2012). *See State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998).

2

Wellard acknowledges that he initially consented to the search, but challenges the district court's finding that he did not effectively revoke his consent. He argues that before the search began, he expressed hesitancy to allow the deputy to conduct the search and indicated to the deputy that he had no weapons. He further states that he did not feel like he could outright refuse to allow the search.

Even if consent to a search has been given, expressly or impliedly, it may be revoked, thereby terminating the authority of the police to continue a warrantless search. *State v. Staatz*, 132 Idaho 693, 696, 978 P.2d 881, 884 (Ct. App. 1999). Effective withdrawal of consent requires unequivocal conduct, in the form of either an act, statement, or some combination of the two, that is inconsistent with the consent to the search previously given. *Burton v. United States*, 657 A.2d 741, 748 (D.C. 1994).

Prior to conducting the pat-down search, the deputy instructed Wellard to step out of the vehicle. The deputy then asked, "If you don't mind, can I just pat you down? Make sure there's no weapons, anything illegal, or anything like that. Is that okay?" To which Wellard stated: "I'm freezing my butt off." The deputy asked, "You're what?" and Wellard again said, "I'm freezing." The deputy clarified, "You're okay with that though?" Wellard responded, "Yeah," and started to turn around for the deputy to pat him down, then stopped and asked, "Well, why do you got to pat me down?" The deputy responded, "Well, because I'm going to be inside the vehicle. I want to make sure you don't have any weapons or anything like that." Wellard replied, "Oh, I don't have any weapons" and the deputy again clarified, "So you don't mind?" Wellard made an inaudible response and simultaneously turned back to fully face the car with both hands touching the vehicle and his arms extended.

Wellard's argument that he expressed hesitancy and felt that he could not refuse to allow the search does not meet the objective standard of revocation of consent. Neither Wellard's words nor actions gave an unequivocal indication that he was revoking his prior consent. *Id*. There is no evidence to suggest that Wellard was put under duress or coercion, either direct or implied, by the deputy. The mere presence of the deputy asking for consent to search is not sufficient, as a matter of law, to constitute improper police duress or coercion. *United States v. Watson*, 423 U.S. 411, 424-25 (1976). Wellard has demonstrated no legal or factual basis to support his contention that he revoked his consent for the deputy to conduct a pat-down search.

3

### III.
### CONCLUSION

Wellard voluntarily consented to a pat-down search of his person and did not effectively revoke his consent to the search.  The district court's order denying Wellard's motion to suppress is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.