# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46794

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

SARA MELANIA SHOWEN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: May 1, 2020

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Sara Melania Showen appeals from her judgment of conviction for possession of a controlled substance. Showen argues that the district court erred in denying her motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Two police officers accompanied two Idaho Department of Health and Welfare (IDHW) employees in conducting a welfare check on a juvenile who had reportedly been abused. Upon arriving at the juvenile's home, one of the officers and the two employees approached the home's front door while the second officer circled through the backyard. Before either officer or the employees reached the front door, Showen exited the home carrying a plate of food. Showen

1

greeted the officer and the employees, who asked Showen if the juvenile or her father were home. Showen responded that the juvenile was inside the home but the father was not. When asked about her relationship to the family, Showen stated that she was the father's fiancée. Showen then unlocked the door she had just exited and allowed the officers and the employees into the home.

Upon entering the home, one of the employees made contact with the juvenile in the living area and began discussing the reported abuse. At the same time, the second employee and one of the officers had a conversation with Showen in the kitchen. The second officer stood between the kitchen and living area and did not immediately engage either Showen or the juvenile. While speaking with the officer and the employee, Showen stated that she was living in a workshop behind the house with the juvenile's father and that she was taking him lunch when the officers and the employees arrived. The employee then asked whether Showen was using any illegal substances and if she would submit to a drug test. Showen admitted that she would likely fail a drug test because she had consumed methamphetamine in the home. The officer speaking with Showen stated that they were "not there to bust [Showen's] chops" and asked if she would permit the officer to inspect the workshop to ensure it was a safe environment for the juvenile. As Showen was exiting the home to take the officer to the workshop, the second officer instructed: "Hand [the plate of food] to me. We don't need to take that out there." Showen then surrendered the plate of food and left to take the officer to the workshop.

Once inside the workshop, Showen ascended a pull-down attic ladder into a small loft area where she slept. The officer who was with Showen in the kitchen followed, but remained on the ladder while visually inspecting the loft. While Showen spoke with the officer, the second officer entered the workshop and began inspecting the lower level. As Showen and the first officer descended the ladder, the second officer, who had been inspecting the lower level, asked Showen for permission to search her purse. Showen agreed to the search and gave her purse to the officer. The officer found methamphetamine inside a candy wrapper in Showen's purse.

The State charged Showen with possession of a controlled substance, I.C. § 37-2732(c)(1). Showen moved to suppress the evidence discovered in her purse, arguing that her consent to search her purse was invalid because it was obtained during an unlawful detention. The district court denied the motion, concluding Showen had not been detained and, even if she had been, there was

reasonable suspicion to detain Showen for the crime of injury to a child based upon her admission to using controlled substances in the home.

Pursuant to a plea agreement, Showen entered a conditional guilty plea to possession of a controlled substance. Showen appeals, challenging the denial of her motion to suppress.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Showen argues the district court erred in denying her motion to suppress because she consented to the search of her purse during an unlawful detention, thereby rendering the consent invalid. The State responds that the district court correctly concluded that Showen was not detained and that, even if Showen consented while detained, the detention was lawful. Because Showen's claim is premised on whether or not she was detained and whether that detention was lawful, our resolution of that issue is dispositive. We hold that the district court correctly concluded that Showen was not detained when she consented to a search of her purse.

A seizure occurs when an officer in some way restrains a person of his or her liberty by physical force or show of authority. *State v. Willoughby*, 147 Idaho 482, 486, 211 P.3d 91, 95 (2009). A seizure by show of authority occurs when an individual submits to words or actions by officers that a reasonable person would, under the totality of the circumstances, interpret as an order restricting his or her movement. *Id.* The district court concluded that Showen was not detained when she consented to the search of her purse. In support of this conclusion, the district court found that Showen voluntarily returned with the officers and the IDHW employees after

3

encountering them outside the home. After permitting them to enter the home, Showen was questioned by one of the officers and one of the employees. The district court found that the tone of the questioning remained pleasant and conversational throughout. The district court further found that Showen consented to an inspection of the workshop during this conversation. Although Showen relinquished the plate of food she was carrying in response to one of the officer's instruction to do so, the district court found that officer had only limited interaction with Showen and was "in and out" of the situation. Conversely, the district court found that Showen's interactions with the officer who accompanied Showen into the workshop stayed conversational. Only after Showen consented to a search of her purse by the second officer did the district court find that her interaction with law enforcement lost its conversational tone. Consequently, the district court concluded that, under the totality of the circumstances, Showen was not detained before consenting to a search of her purse.

Showen argues that the district court erred in failing to conclude that she was detained at two different points: (1) when she relinquished the plate of food she was carrying in response to a command by one of the officers; and (2) when one of the officers remained on the pull-down attic ladder while Showen was showing the workshop's loft sleeping area to the officer.[1] We disagree. In light of the totality of the circumstances, a reasonable person would not have interpreted the officer's instruction to leave the plate of food as an order restricting his or her movement. When Showen was instructed to leave the food, she had already agreed to restrict her movement (*i.e.*, not to leave to deliver the food she was carrying) by starting to accompany an officer to the workshop in response to his request to inspect it. Under such circumstances, a reasonable person would interpret the instruction to leave the plate of food only as direction regarding what to do in light of the decision to permit an inspection of the workshop. *See State v. Wolfe*, 160 Idaho 653, 656, 377 P.3d 1116, 1119 (Ct. App. 2016) (holding that a third party who voluntarily approached an officer during a traffic stop was not seized when the officer commanded the third party to return to his vehicle).

---

[1] In her initial brief, Showen argued that she was also detained during her initial encounter with the officers outside the home. However, Showen conceded that she had not raised this argument below and withdrew it in her reply brief.

Showen's argument that she was detained in the workshop as she was showing the loft fails for similar reasons. Upon entering the workshop, Showen ascended to the loft. Although the officer followed Showen and stood on the pull-down attic ladder to view the loft, that was not an unusual choice considering the loft's dimensions.[2] Additionally, the officer did not thwart an attempt by Showen to leave the loft, and the officer continued to have polite conversation with Showen while on the ladder, stating that his purpose was only to ensure that the location posed no threat to the juvenile. When the officer descended the ladder, Showen followed without a request or command from the officer to do so. While descending the ladder, Showen was asked for and gave consent to a search of her purse. Considering the totality of the circumstances, a reasonable person would not have felt a restraint on his or her liberty prior to Showen's consent to search her purse. Consequently, because Showen was not detained at the time she consented to the search of her purse, she has failed to show that her consent was tainted by an illegal detention.[3]

**IV.**

**CONCLUSION**

Showen was not detained when she consented to the search of her purse. Thus, Showen has failed to show that the district court erred in denying her motion to suppress. Consequently, Showen's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

---

[2] The officer who inspected the loft testified that the workshop was approximately 100 square feet.

[3] As an alternative basis to uphold Showen's consent, the district court concluded that the officers could have lawfully detained Showen on reasonable suspicion of injury to a child, I.C. § 18-1501, at the time Showen consented to the search of her purse. The district court reasoned that Showen's admission to drug use in the home where the juvenile lived supported a reasonable suspicion that Showen had endangered the juvenile. Because we affirm the district court's conclusion that Showen was not detained when she consented to a search of her purse, it is unnecessary to address the arguments related to this alternative basis.

5