897 P.2d 993

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Arturo VALDEZ–MOLINA, and Marciano Molina–Ayon, Defendants–Appellants.**

No. 20595.

Supreme Court of Idaho,
Boise, December 1994 Term.

June 15, 1995.

Ismael Chavez, Caldwell, for appellants.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen. (argued), Boise, for respondent.

JOHNSON, Justice.

This is a cocaine possession and trafficking case. The issues presented concern standing to raise entrapment as a matter of law in violation of due process, submitting *Miranda* rights issues to a jury, and sentencing under an unconstitutional mandatory minimum sentencing statute. We reach three conclusions: (1) the defendants did not have standing to raise the entrapment issue; (2) any error in the submission of the *Miranda* rights issue to the jury was harmless error; and (3) the sentences must be vacated and the defendants resentenced pursuant to *State v. Sarabia*, 125 Idaho 815, 875 P.2d 227 (1994).

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

The federal immigration and naturalization service (INS) recruited an illegal alien, Ramone Sanchez–Valdez (Valdez), to serve as an informant in exchange for money and legal documents allowing him to remain in the United States. Valdez was working at a migrant labor camp, where he developed a relationship with Pedro Angulo–Lau (Lau), who subsequently introduced him to Hipolito Carreon–Rosales (Carreon).

A plan was formed by which a friend of Carreon's was to bring cocaine from California to sell to Valdez's boss. Carreon called a friend in California, Marciano Molina–Ayon (Ayon), and convinced Ayon to bring drugs to Idaho.

Valdez and Carreon met the buyers, actually INS agents, at a restaurant. The men went out to the parking lot where Ayon and his eighteen-year-old nephew, Arturo Valdez–Molina (Molina), were standing near an automobile. Molina showed the agents cocaine hidden in a secret compartment of the automobile. Officers immediately arrested Molina, Ayon, and Carreon, and seized five kilograms of cocaine, worth approximately $400,000 on the street. Lau was arrested later.

The four men were tried together, each charged with trafficking in cocaine, conspiring to traffic in cocaine, and possession of cocaine with intent to deliver. Molina and Ayon were found guilty on all three counts.

The applicable statute provided that a conviction of trafficking in four hundred or more grams of cocaine carried a mandatory minimum term of ten years and a fine of $25,000. I.C. § 37–2732B(a)(2)(C) (1994). Pursuant to this provision, the trial judge sentenced Molina to a fixed term of ten to fifteen years for trafficking and concurrent terms of five to ten years for the other charges and fined him $25,000. He sentenced Ayon to a fixed term of ten to fifteen years for trafficking and concurrent terms of ten to fifteen years for the other charges and fined him $25,000.

## II.

### MOLINA AND AYON DO NOT HAVE STANDING TO RAISE THE ENTRAPMENT ISSUE.

■ Molina and Ayon assert that they were entrapped in violation of due process of law because of what they term the law enforcement officials' "outrageous behavior." This is the "objective theory" of entrapment, which focuses not on the defendant's predisposition to commit the crime, but instead scrutinizes the government's investigatory conduct. We conclude that Molina and Ayon do not have standing to raise this issue.

■ The state argues that Molina and Ayon did not assert a due process violation below or request jury instructions based on the objective theory of entrapment, and that therefore the issue is not preserved for appeal. We note first that an objective theory of entrapment predicated on due process presents questions of law for the court, and is ordinarily not an issue for the jury. Therefore, it is irrelevant that Molina and Ayon did not request jury instructions on this issue. Molina and Ayon did file a motion for a judgment of acquittal on the grounds of "entrapment as a matter of law" in which they claim they "essentially" asserted a due process claim. The phrase, "as a matter of law" implies an objective test of entrapment based on due process. Therefore, Molina and Ayon preserved this issue for appeal by raising it in a motion to acquit.

Before it becomes necessary for us to discuss whether the facts in this case support a conclusion that INS's conduct constituted entrapment in the objective sense, we must address the question of standing to raise this issue. Molina and Ayon do not base their due process claim on any government conduct directed specifically at them; they challenge their conviction based on the INS's actions regarding Valdez, Lau, and Carreon.

■ Normally a defendant does not have standing to raise a due process violation suffered by a third party. In the entrapment context, however, direct targets of the government's activity should have standing to contest their convictions on the grounds

that the government's conduct toward third parties was so outrageous that it violated their due process rights because they are direct targets of the government's conduct.

■ The critical question, therefore, is whether Molina and Ayon were direct targets of the INS investigation. To qualify as a direct target requires, at a minimum, that the government be aware of the person's existence before arresting the person.

■ There is no evidence the INS knew anything about Molina and Ayon personally before their arrest. Furthermore, all the discussions and arrangements were between Valdez and Lau and Carreon and between the INS agents and Carreon. Molina and Ayon, who brought the cocaine to Idaho at Carreon's behest, had no contact with the INS agents or Valdez prior to the meeting at the restaurant. Given these facts, Molina and Ayon cannot be characterized as direct targets, although the INS undoubtedly wanted to trap suppliers such as the defendants. Therefore, the defendants do not have standing to assert their objective entrapment claim based on due process.

## III.

### ANY ERROR OF THE TRIAL COURT IN SUBMITTING *MIRANDA* ISSUES TO THE JURY WAS HARMLESS.

Molina and Ayon assert that the trial court, not the jury, should have decided whether any waivers of their *Miranda* rights were knowing and voluntarily made. We conclude that any error the trial court may have committed was harmless.

Counsel for Molina, Ayon, and Lau filed a pretrial motion to suppress their post-arrest statements. The motion was supported by counsel's affidavit, which stated:

> [T]he Defendants have informed affiant that at least two of them have given statements to the officers who arrested them, that to the best of their recollection they do not recall being advised of their right to remain silent and to have an attorney present....

The trial court held a hearing on the motion, at which the trial court decided not to suppress the statements, stating:

> It's a question of fact for the jury. If [the arresting officer] testifies under oath that—that he gave it [the *Miranda* warning] to them, and they say they don't understand it, that becomes an issue for the jury. Not for me to decide.... [I]f your clients are—want to rebut that, or whatever they want to say that's up to them; but it's no basis to dismiss these cases. It's no basis to suppress it either.

At trial the interviewing officer testified that he read Molina his *Miranda* rights in English and read Ayon his rights in Spanish. According to the officer, both men indicated they understood their rights. The officer then related to the jury Molina's and Ayon's statements, which were given without the presence of counsel, in which both men admitted buying the cocaine in Los Angeles and bringing it to Idaho to sell. Neither Molina nor Ayon testified, and the officer's testimony was not rebutted.

The state contends there is an insufficient record on appeal for the Court to decide whether the motion to suppress was improperly denied. The record contains the motion, the affidavit quoted above, the court minutes, and two pages of the transcript from the hearing. Based on this record, the factual basis for the motion is sketchy. The defendants, however, are challenging the denial on the purely legal ground that it was inappropriate for the judge to permit the jury to decide whether Molina and Ayon knowingly and voluntary waived their *Miranda* rights. The record on this issue is sufficient to permit our review.

■ This Court has clearly held that whether an arrestee's *Miranda* waiver or statement is knowingly and voluntarily given is a question to be decided by the judge, not the jury. In *State v. Dillon*, 93 Idaho 698, 709–10, 471 P.2d 553, 564–65 (1970), *cert. denied Dillon v. Idaho*, 401 U.S. 942, 91 S.Ct. 947, 28 L.Ed.2d 223 (1971), this Court adopted the so-called "Massachusetts rule," which provides that "the trial court in the absence of the jury resolves the issue of voluntariness and then determines the ad-

missibility of a criminal defendant's statements." *See also State v. Mitchell*, 101 Idaho 108, 109, 609 P.2d 175, 176 (1980); *State v. Mitchell*, 104 Idaho 493, 495, 660 P.2d 1336, 1338 (1983), *cert. denied Mitchell v. Idaho*, 461 U.S. 934, 103 S.Ct. 2101, 77 L.Ed.2d 308 (1983). At a suppression hearing where voluntariness is an issue, "the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences, is vested in the trial court." *State v. Kirkwood*, 111 Idaho 623, 625, 726 P.2d 735, 737 (1986) (quoting *People v. Lawler*, 9 Cal.3d 156, 107 Cal.Rptr. 13, 507 P.2d 621, 623 (1973)).

In the present case, the trial court did not determine voluntariness as mandated by the caselaw. Because we do not know what the trial court's ruling on voluntariness would have been, we first consider the possibility that the trial court might have denied suppression when the statements should have been suppressed. If so, we must then ask whether the error in doing so would have been harmless pursuant to I.C.R. 52 (1994) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.").

■ To hold an error harmless, this Court " 'must declare a belief, beyond a reasonable doubt, that there was no reasonable possibility that [the] evidence complained of contributed to the conviction.' " *State v. Zimmerman*, 121 Idaho 971, 976, 829 P.2d 861, 866 (1992) (quoting *State v. Sharp*, 101 Idaho 498, 507, 616 P.2d 1034, 1043 (1980)).

■ The evidence at issue is the officer's testimony that Molina and Ayon admitted bringing five kilograms of cocaine to Idaho to sell. Valdez, Carreon, and the INS agents all testified to Molina's and Ayon's involvement. The jury was shown a videotape of Molina removing the cocaine from the automobile at the restaurant. The fingerprints of both men were found on the packages of cocaine. Molina and Ayon also conceded at trial that they brought the cocaine to Idaho, although that may have been a tactical choice based on the fact they could not get their confessions suppressed. They relied solely on an entrapment defense, which failed. Given these circumstances, even if the officer's testimony regarding their confessions should have been suppressed, we believe beyond a reasonable doubt that there was no reasonable possibility that the testimony of the officer concerning the confessions contributed to the convictions. Therefore, any error was harmless.

## IV.

## THE COCAINE TRAFFICKING SENTENCES MUST BE VACATED.

Molina and Ayon assert that they were sentenced for cocaine trafficking pursuant to an unconstitutional mandatory minimum sentencing provision in I.C. § 37–2732B. While their appeal was pending, this Court in *State v. Sarabia*, 125 Idaho 815, 817, 875 P.2d 227, 229 (1994) struck down this statute as an unconstitutional legislative encroachment upon judicial powers. Molina and Ayon both received the mandatory minimum fixed sentence provided by the statute. Therefore, the sentences for cocaine trafficking cannot stand.

## V.

## CONCLUSION.

We affirm the convictions. We vacate the sentences for cocaine trafficking, and remand the case to the trial court for resentencing.

McDEVITT, C.J., TROUT and SILAK, JJ., and GUTIERREZ, Justice Pro Tem., concur.