# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43970

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 798 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 1, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JON CURTIS MAY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Jon Curtis May appeals from his judgment of conviction for possession of a controlled substance. Specifically, May asserts that the district court erred in denying May's motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

May's parole officer contacted the police to advise that May was on parole, that he had absconded, and that there was an agent's warrant for his arrest. The police did not receive a written agent's warrant for May's arrest. The following day, an officer conducted an unrelated search of a residence and found illegal drugs. As the search continued, there was a knock on the front door. The officer opened the door and saw May, whom the officer recognized from prior

1

encounters. The officer told May to turn around. May turned around and put his hands behind his back. When the officer took May's hands, he pulled away and began running from the officer. The officer yelled at May to stop but he refused. The officer caught up to May and placed him on the ground in the middle of the street. While May was struggling on the ground, the officer observed May trying to eat Oxycontin pills. As May was being arrested, the officer observed a white powdery substance on the ground where May had tried to crush the pills. The officer located a bottle for a different drug prescribed to May. When the officer asked May why he was at the residence, May responded that he planned to trade his Oxycontin for methamphetamine.

The State charged May with two counts of felony possession of a controlled substance with intent to deliver, felony destruction of evidence, and misdemeanor resisting and obstructing an officer. May filed a motion to suppress the evidence found on his person and statements made to the officer, arguing that the arrest was unlawful and unconstitutional because it did not comply with I.C. § 20-227. After a hearing, the district court found that the State violated I.C. § 20-227 but denied the motion to suppress on the basis that the statutory violation did not amount to a constitutional violation of May's rights.[1] May pled guilty to possession of a controlled substance, and the State dismissed the remaining charges. May appeals, challenging the district court's denial of May's motion to suppress.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999). However, we exercise free review over whether a constitutional

---

[1] At the hearing, May stated he only sought suppression of the evidence found on his person. May therefore abandoned his request for suppression of the statements he made.

violation has taken place in light of those facts. *State v. Donato*, 135 Idaho 469, 470, 20 P.3d 5, 6 (2001).

## A.    Constitutional Claim

On appeal, May argues that the district court erred in denying the motion to suppress because suppression is the appropriate remedy for a violation of I.C. § 20-227. In denying May's motion to suppress, the district court found that the State violated I.C. § 20-227 but reasoned that the violation did not amount to a constitutional violation of May's rights.[2] Suppression is not the appropriate remedy for statutory violations that do not amount to constitutional violations. *State v. Green*, 158 Idaho 884, 886, 354 P.3d 446, 448 (2015). In *Green*, the Idaho Supreme Court analyzed whether violation of an arrest statute, I.C. § 49-1407, was a constitutional violation and held that it was not because the statute was enacted after the adoption of the Idaho Constitution. *Green*, 158 Idaho at 892, 354 P.3d at 454. Where a statute without historical, common-law foundations was enacted after the adoption of the Idaho Constitution and was not incorporated by constitutional amendment, violation of that statute is not constitutional per se. *Id.* at 888-89, 354 P.3d at 450-51. The statute in this case, I.C. § 20-227, was first enacted in 1947--well after the Idaho Constitution was adopted. Thus, a violation of I.C. § 20-227 is not a per se constitutional violation. Accordingly, the district court did not err in denying May's motion to suppress on the basis that no per se constitutional violation of May's rights occurred.

## B.    Fourth Amendment Claim

May argues that, even if the statutory violation did not amount to a constitutional violation, his warrantless arrest and subsequent search violated his Fourth Amendment rights. In his motion, May sought suppression of the evidence based only on the violation of I.C. § 20-227, not on a Fourth Amendment violation. Likewise, the order denying the motion to suppress was analytically constrained to whether violation of I.C. § 20-227 amounted to a constitutional violation of May's rights. At the suppression hearing however, May argued that his warrantless arrest and subsequent search violated the Fourth Amendment because the officer did not have the authority to stop May.

---

[2]    Neither party contests the district court's conclusion that the State violated I.C. § 20-227.

As an initial matter, the State contends that May failed to preserve his Fourth Amendment claim for appellate review because May did not make the claim in his motion to suppress and the district court did not address the claim in its order denying that motion. A claim is preserved for appellate review if the basis for the claim is apparent from the context. *State v. Armstrong*, 158 Idaho 364, 367, 347 P.3d 1025, 1028 (Ct. App. 2015). At the suppression hearing, May argued a Fourth Amendment violation as the basis of his motion to suppress. Additionally, May's questioning of the officer was geared toward a Fourth Amendment analysis. For example, May asked the officer whether he had a basis for detaining May, independent of the information that May had absconded. May followed up by asking the officer about facts related to reasonable suspicion. Thus, the basis of May's Fourth Amendment claim was apparent from the context of the suppression hearing. Accordingly, the claim was properly preserved for appeal.

May argues that his warrantless arrest and subsequent search violated his Fourth Amendment rights because the officer did not have probable cause to arrest May. Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that a person they have placed under arrest is guilty of a crime. *See State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). In this case, although the officer did not have a valid arrest warrant under I.C. § 20-227, he possessed reliable information from May's parole officer that May had violated his parole. The officer also had knowledge that there were drugs in the residence May approached when he encountered the officer. Thus, this information led the officer to believe that May had violated his parole, whether by absconding or engaging in drug transactions.

Even assuming *arguendo* the officer's knowledge was insufficient to establish probable cause, it was at least sufficient to detain May. An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). When a tip is received from a known citizen-informant, the tip is generally sufficient to establish reasonable suspicion. *State v. Bishop*, 146 Idaho 804, 812, 203 P.3d 1203, 1211 (2008). Thus, the parole officer's tip alone was sufficient to establish the necessary suspicion to detain May to determine whether he had violated his parole. Idaho Code

4

Section 18-705 criminalizes the act of willfully resisting, delaying, or obstructing an officer in the discharge of his or her duties. The district court found that the officer told May to turn around and that May turned around and put his hands behind his back before fleeing.[3] When fleeing from the officer, May committed the crime of resisting and obstructing. Thus, even if the officer did not have probable cause to arrest May when the officer knocked on the door, the officer had reasonable suspicion to detain May and had probable cause to arrest May for resisting and obstructing after he fled. Accordingly, May's warrantless arrest and subsequent search incident to that arrest were lawful, and the district court did not err in denying May's motion to suppress.

## V.

## CONCLUSION

The district court properly found that the violation of I.C. § 20-227 was not a per se constitutional violation. May has failed to show that the district court erred in this respect. Likewise, May has failed to show that his warrantless arrest and subsequent search violated his constitutional rights. Therefore, the district court did not err in denying May's motion to suppress. Accordingly, May's judgment of conviction for possession of a controlled substance is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[3] It is not clear whether the officer intended to arrest May or just detain him. The district court did not make a finding in this regard, and the officer did not state his intent at the suppression hearing. However, in the affidavit in support of the complaint, the officer stated that he held May's hands behind his back while questioning May, which suggests the stop was merely a detention.