# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46383

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JUSTIN ALAN HALSNE,

    Defendant-Appellant.

)
)  Filed:  November 14, 2019
)
)  Karel A. Lehrman, Clerk
)
)  THIS IS AN UNPUBLISHED
)  OPINION AND SHALL NOT
)  BE CITED AS AUTHORITY
)
)

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Scott D. Wayman and John T. Mitchell, District Judges.

Judgments of conviction for battery upon an officer, possession of drug paraphernalia, and obstructing an officer, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jeff Nye, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent.
_____

LORELLO, Judge

Justin Alan Halsne appeals from his judgments of conviction for battery upon an officer, possession of drug paraphernalia, and obstructing an officer.  Halsne argues the district court erred in denying his motion to suppress.  For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Two officers went to Halsne's house to serve a warrant for his arrest.  After knocking loudly on the front door, the officers heard people moving inside the house but no one answered. One officer then went through a gate into the fenced backyard to knock on a door to a room attached to the home's garage.  Halsne opened the door and the officer told Halsne he was under

1

arrest. After Halsne tried to shut the door and refused to come out, the officer went inside where a struggle ensued.

The State charged Halsne with assault or battery on an officer, I.C. § 18-915; possession of drug paraphernalia, I.C. § 37-2734A(1); and obstructing an officer, I.C. § 18-705. Halsne filed a motion to suppress, which the district court denied. Halsne thereafter pled guilty to an amended charge of battery upon an officer and the two misdemeanors, reserving his right to challenge the denial of his suppression motion. Halsne appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Halsne argues that the district court erred in denying his motion to suppress because his Fourth Amendment rights were violated when law enforcement entered Halsne's gated backyard without his consent in order to arrest him on a warrant. The State responds that application of the relevant Fourth Amendment law to the unchallenged factual findings shows the district court did not err. We agree with the State.

The Fourth Amendment to the United States Constitution protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and expresses a preference for warrants that particularly describe the place to be searched and the persons or things to be seized. An arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within. *Payton v. New York*, 445 U.S. 573, 603 (1980).

2

This authority necessarily includes the authority to enter the curtilage of the home. *See State v. Northover*, 133 Idaho 655, 658-59, 991 P.2d 380, 383-84 (Ct. App. 1999).

The district court found that the officers who went to Halsne's house to serve a warrant for his arrest had reason to believe that Halsne was present either inside the home or in the backyard. Based on these findings, the district court correctly concluded that the officers did not violate the Fourth Amendment in effectuating Halsne's arrest. On appeal, Halsne concedes that the district court's factual findings are supported by the evidence in the record and he acknowledges that, under *Payton*, the officers' conduct did not violate the Fourth Amendment. Because Halsne has failed to identify any error in the district court's decision denying his motion to suppress, we affirm.

## IV.
## CONCLUSION

The district court's order denying Halsne's motion to suppress was, as Halsne concedes, supported by the evidence and the law. Accordingly, Halsne's judgment of conviction for battery upon an officer, possession of drug paraphernalia, and obstructing an officer is affirmed.

Chief Judge GRATTON and Judge BRAILSFORD, **CONCUR**.