**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47249**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 7, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DOUGLAS BRENT MALAR, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Douglas Brent Malar appeals from his judgment of conviction for felony driving under the influence (DUI). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer observed Malar sitting in the driver's seat of a vehicle idling in a gas station parking lot. After idling for about fifteen minutes, Malar drove to another gas station a few blocks away. Finding this behavior odd, the officer followed. The officer parked his patrol vehicle about 25 feet from Malar, who had already exited his vehicle, and the officer approached Malar on foot. Malar turned and walked toward the officer as he approached. The officer then asked Malar if he minded speaking with the officer. During the ensuing conversation, the officer noticed Malar was

1

slurring his speech and smelled of alcohol. Suspecting Malar was intoxicated, the officer asked Malar if he had been drinking. Malar replied that he drank "a little too much" and admitted consuming three 16-ounce beers that evening--with the last beer being within forty-five minutes of arriving at the second gas station. Field sobriety testing indicated that Malar was intoxicated, and he was arrested for DUI.

The State charged Malar with felony DUI and a persistent violator enhancement. Malar moved to suppress the evidence gathered at the second gas station, arguing that he was unlawfully seized. The district court denied Malar's motion, concluding that the officer speaking with Malar developed reasonable suspicion to conduct a DUI investigation during a consensual encounter. Subsequently, Malar entered a conditional guilty plea to felony DUI, I.C. §§ 18-8004 and 18-8005(9), reserving his right to appeal the denial of his motion to suppress. In exchange for his guilty plea, the State dismissed the persistent violator enhancement. Malar appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Mindful of the district court's factual findings, Malar argues that the district court erred "by concluding that the encounter was consensual and by concluding that the officer had reasonable articulable suspicion of criminal conduct." The State responds that both of the district court's conclusions were correct. We agree with the State and hold that the district court did not err in denying Malar's motion to suppress because no unlawful seizure occurred.

The Fourth Amendment to the United States Constitution guarantees the right of every citizen to be free from unreasonable searches and seizures. However, not all encounters between the police and citizens involve the seizure of a person. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992). Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). A seizure does not occur simply because a police officer approaches an individual on the street or other public place, by asking if the individual is willing to answer some questions, or by putting forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Florida v. Royer*, 460 U.S. 491, 497 (1983). Unless and until there is a detention, there is no seizure within the meaning of the Fourth Amendment and no constitutional rights have been infringed. *Royer*, 460 U.S. at 498. Even when officers have no basis for suspecting a particular individual, they may generally ask the individual questions and ask to examine identification. *Fry*, 122 Idaho at 102, 831 P.2d at 944. So long as police do not convey a message that compliance with their requests is required, the encounter is deemed consensual and no reasonable suspicion is required. *Id.*

The district court concluded that Malar's initial encounter with the officer at the gas station was consensual. In support of this conclusion, the district court made factual findings related to the officer's actions in initiating the encounter. Specifically, the district court found that the officer parked his patrol vehicle 25 feet behind Malar's vehicle, did not activate the patrol vehicle's emergency lights, and did not block Malar. The district court further found that the officer exited his vehicle, approached Malar without obstructing his path, and asked whether Malar minded having a conversation. Finally, the district court found that although four other officers eventually arrived at the scene, none of those other officers interacted with Malar. Thus, the district court concluded that there was no evidence of a display of authority that would have caused a reasonable person in Malar's position to believe he was not free to leave. Considered in light of the totality of the circumstances, the facts found by the district court support its conclusion that Malar's initial contact with the officer was consensual and that Malar was not seized for purposes of the Fourth Amendment.

The district court also concluded that, during the consensual encounter, the officer developed reasonable suspicion that Malar had driven while under the influence of alcohol. To support this conclusion, the district court found that the officer had watched Malar drive to the second gas station and that the officer immediately noticed Malar's speech was slurred and his breath smelled of alcohol when he spoke. The district court further found that, although Malar was under no obligation to speak, he admitted to drinking "a little too much." Under the totality of the circumstances, the officer's observations combined with Malar's admission to drinking justified a detention and DUI investigation. *See State v. Pick*, 124 Idaho 601, 605, 861 P.2d 1266, 1270 (Ct. App. 1993). Consequently, Malar has failed to show that the district court erred in denying his motion to suppress.

## IV.

## CONCLUSION

The district court correctly concluded that Malar was not seized during his initial encounter with law enforcement and that, during the consensual encounter, the officer developed reasonable suspicion to detain Malar for a DUI investigation. Thus, Malar has failed to show that the district court erred in denying his motion to suppress. Malar's judgment of conviction for felony DUI is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.