**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48133**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: August 26, 2021** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| VICKI CAROL SLATER, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Vicki Carol Slater appeals from the judgment of conviction entered upon her conditional guilty plea to possession of a controlled substance, Idaho Code § 37-2732(c)(1). Slater argues the district court erred when it denied her motion to suppress. Because Slater fails to show error in the district court's decision, we affirm the district court's denial of Slater's motion to suppress and judgment of conviction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Law enforcement obtained and executed a search warrant on a house in Post Falls. Slater was at the home visiting a friend when law enforcement executed the warrant. Detective Ryan Jacobson detained Slater and her friend while additional officers executed the warrant. Detective Jacobson asked Slater for permission to search her car and Slater declined. Sometime later, an

1

officer ran a drug-detection dog along the cars parked in the driveway of the house, including Slater's car. The dog alerted on Slater's car, and officers conducted a search of the car and found a bag of methamphetamine. Detective Jacobson arrested Slater for possession of methamphetamine, and Slater was charged with possession of a controlled substance.

Slater filed a motion to suppress, arguing that the dog sniff and subsequent search were unlawful because an officer did not lawfully stop Slater's car. The State opposed the motion, arguing that a lawful traffic stop is not a prerequisite to the use of a drug-detection dog on a vehicle. The district court held a hearing on the motion. Detective Jacobson testified that he and other law enforcement officers executed the search warrant at the home and that Slater was present at the home when law enforcement arrived. Detective Jacobson also testified that Slater was detained while officers executed the warrant, Slater's car was parked in the driveway of the home, and Slater declined Detective Jacobson's request for consent to search Slater's car.

Deputy Nathan Nelson testified the he and his drug detection dog were on the scene to assist with the execution of the search warrant. Deputy Nelson prompted the dog to sniff the cars in the driveway, and the dog alerted on Slater's car.

The district court denied the motion to suppress and found that the officers and the drug-detection dog were lawfully in the driveway when the sniff of Slater's car occurred. The district court also found that Slater did not have a reasonable expectation of privacy in the home or the surrounding area because Slater was not living at the home nor was she an overnight guest. The district court concluded that it was reasonable to have a drug-detection dog conduct a sniff around cars parked in a driveway prior to entering a home when executing a search warrant and, therefore, Slater's right to privacy was not violated by the dog sniff and alert.

Slater entered a conditional guilty plea to possession of a controlled substance, reserving her right to appeal the denial of the motion to suppress. The district court withheld judgment and placed Slater on probation for two years. Slater timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a

2

suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.
## ANALYSIS

Slater argues the district court erred when it denied her motion to suppress. Mindful of the relevant precedent on the issue, Slater nonetheless claims the evidence should have been suppressed because the dog sniff constituted an unlawful search of her car.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. A defendant bringing a motion to suppress must show that there was a Fourth Amendment search, that she has standing to challenge the search, and that the search was unreasonable. *State v. Maxim*, 165 Idaho 901, 905, 454 P.3d 543, 547 (2019). Slater has not demonstrated there was a search that would implicate Fourth Amendment protection.

Slater acknowledges that a dog sniff is not a search and does not dispute that the dog's alert provided probable cause for the subsequent search of her vehicle. We agree that the dog sniff of Slater's car did not constitute a Fourth Amendment search. "A dog sniff along the outside of a motor vehicle does not constitute a search under the Fourth Amendment." *State v. Parkinson*, 135 Idaho 357, 363, 17 P.3d 301, 307 (Ct. App. 2000). A reliable drug dog's alert on the exterior of a vehicle is sufficient to establish probable cause for a warrantless search of the interior. *State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012). As such, the dog sniff was not a search and does not implicate the Fourth Amendment.

Because the dog sniff was not a search, we need not address whether Slater had standing to challenge it because standing is only relevant to challenge the validity of a search. Consequently, the district court did not err in denying Slater's motion to suppress.

## IV.
## CONCLUSION

Because the district court did not err in denying Slater's motion to suppress, we affirm the district court's denial of Slater's motion to suppress and judgment of conviction.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.

3