**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51184**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 30, 2025** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| LISA MICHELLE TAYLOR, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment of conviction for two counts of possession of a controlled substance, affirmed.

University of Idaho Legal Aid Clinic; Katherine C. Ball, Chelsea Hintze, Alex Silveira, and Noah Endicott, Boise, for appellant.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy State Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Lisa Michelle Taylor appeals from her judgment of conviction for two counts of possession of a controlled substance. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Deputy Goold observed a legally parked vehicle, that did not have a license plate and was full of personal belongings, in a dirt pull-out by a river. This area was known to Deputy Goold as a section of the river where citizens would camp or sleep in their cars. He parked his patrol vehicle approximately twenty-five yards behind the parked vehicle and did not activate his emergency lights. Deputy Goold was in his police uniform with his gun in its holster. He walked up to the

1

driver's side of the vehicle and noticed a person slouched over the steering wheel. Deputy Goold knocked on the driver's side window and the driver, later identified as Taylor, sat up and looked at Deputy Goold. Deputy Goold said "Hello" to Taylor who then partially rolled her window down. Deputy Goold asked Taylor how she was doing, and she responded "alright." Deputy Goold explained that he was checking on her. During the interaction, Deputy Goold noticed a butane lighter and a small pouch on Taylor's lap. Inside the pouch, Deputy Goold noticed what appeared to be used tinfoil. Deputy Goold asked Taylor what she had in her lap. When Taylor began picking up the items, he told her to "stop digging for stuff." Deputy Goold then asked Taylor if there was "something illegal" in the pouch and ordered her to "look at [him]." Approximately thirty-two seconds after Taylor rolled down her window, Deputy Goold asked to see the pouch. Inside the pouch, Deputy Goold identified a glass pipe with white burnt residue. He asked Taylor to step out of the vehicle and asked if she had anything illegal on her. Taylor said that she had another pipe in her pocket. Deputy Goold performed a pat search of Taylor and located the pipe which also had burnt white residue on it. Deputy Goold searched Taylor's vehicle, which yielded multiple items of paraphernalia and substances that tested presumptive positive for methamphetamine and fentanyl. Taylor was later booked into jail where an additional glass pipe with burnt white residue was found on her.

Taylor was charged with three counts of possession of a controlled substance, one count of misdemeanor possession of marijuana, and one count of possession of drug paraphernalia, along with a sentencing enhancement. Taylor filed a motion to suppress all evidence. The district court denied the motion. Taylor conditionally pled guilty to two counts of possession of a controlled substance, Idaho Code § 37-2732(c)(1), reserving her right to appeal. The State dismissed the three remaining charges and the sentencing enhancement. Taylor appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts,

2

weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Taylor argues that the district court erred in denying her motion to suppress because her initial encounter with Deputy Goold was not consensual and the encounter amounted to a seizure unsupported by reasonable suspicion. Taylor argues her actions were not consensual because a reasonable person would not have felt free to leave when Deputy Goold requested that she open her window and he asked her questions.

The Fourth Amendment to the United States Constitution, and its counterpart, Article I, Section 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. However, not all encounters between the police and citizens involve the seizure of a person. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992). Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). A seizure does not occur simply because a police officer approaches an individual on the street or other public place, by asking if the individual is willing to answer some questions or by putting forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Florida v. Royer*, 460 U.S. 491, 497 (1983). Unless and until there is a detention, there is no seizure within the meaning of the Fourth Amendment and no constitutional rights have been infringed. *Royer*, 460 U.S. at 498. Even when officers have no basis for suspecting a particular individual, they may generally ask the individual questions and ask to examine identification. *Fry*, 122 Idaho at 102, 831 P.2d at 944. So long as police do not convey a message that compliance with their requests is required, the encounter is deemed consensual, and no reasonable suspicion is required. *Id.*

Taylor argues that she was seized because, after Deputy Goold knocked on the window, he asked her questions even after she said that she was "alright." Taylor furthers this argument by noting that Deputy Goold's patrol vehicle was parked approximately twenty-five yards behind her vehicle and Deputy Goold's gun was visible in its holster. Taylor asserts that she did not feel free

3

to leave. However, we review the initial encounter based on an objective standard of reasonableness rather than Taylor's subjective belief that she did not feel free to leave. The critical inquiry is whether, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he or she was not at liberty to ignore the police presence and go about his or her business. *Bostick*, 501 U.S. at 437. "While most citizens will respond to a police request, the fact that people do so, and do so without being told they are free not to respond, hardly eliminates the consensual nature of the response." *Immigration & Naturalization Serv. v. Delgado*, 466 U.S. 210, 216 (1984).

In *United States v. Mendenhall*, 446 U.S. 544, 554 (1980), the United States Supreme Court stated:

> Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.

The Idaho Supreme Court has considered when an initial encounter between a defendant and a police officer goes beyond a consensual encounter and becomes a seizure. The Idaho Supreme Court held that a defendant was seized when he told the officer, "I need to be on my way," but the officer responded, "hold on man, you got an ID on you? My lieutenants want to know who I am talking to." *State v. Hollist*, 170 Idaho 556, 564, 513 P.3d 1176, 1184 (2022). The Idaho Supreme Court noted that, when the officer encountered Hollist, he got up from where he was lying on the ground, gathered his belongings and began to walk away, but was seized by the officer when Hollist was required to stay and provide identification. *Id.*

Conversely, the Idaho Supreme Court held that an encounter was consensual when an armed and uniformed officer approached the driver's side door of a parked vehicle and asked the occupant what he was doing in the area and where he was coming from without issuing any commands. *State v. Alvarenga-Lopez*, 169 Idaho 215, 216-17, 494 P.3d 763, 764-65 (2021). The officer parked his patrol vehicle approximately thirty feet behind the parked vehicle and did not utilize the patrol vehicle's lights and sirens. *Id.* at 216, 494 P.3d at 764. The Court held that it is settled law that "no seizure has occurred when an officer simply approaches an individual on the

4

street or other public place, by asking him if he is willing to answer some questions, or by putting questions to him if he is willing to listen." *Id.* at 220, 494 P.3d at 768.

Unlike *Hollist*, there is nothing to suggest, and Taylor does not allege, that Deputy Goold made any indication that her presence or cooperation was required.[1] There is no indication that Deputy Goold instructed Taylor to stay against her wishes or that Deputy Goold used a show of force by touching Taylor or restraining her movement. Further, there are no facts to suggest that Taylor vocalized or otherwise made clear to Deputy Goold that it was her desire to leave. Similar to *Alvarenga-Lopez,* Deputy Goold parked approximately twenty-five yards behind Taylor's vehicle without utilizing the patrol vehicle's lights and sirens, approached the driver's side window, and asked Taylor questions without making any commands. Therefore, the initial encounter was consensual and did not amount to a seizure.

## IV.

## CONCLUSION

Taylor has failed to meet her burden to show that the district court erred in denying her motion to suppress. Therefore, Taylor's judgment of conviction for two counts of possession of a controlled substance is affirmed.

Judge LORELLO and Judge Pro Tem MELANSON, **CONCUR**.

---

[1] While Taylor indicates that her subjective belief was that she was unable to drive away because she thought she would have run over Deputy Goold's foot, this Court does not review her subjective belief but, rather, reviews what a reasonable person would have believed in the same situation. Moreover, Taylor does not challenge the district court's finding that, when Deputy Goold tapped on her window, he was a few feet from her vehicle and there was enough room for her to either drive forward or reverse.