## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 51977

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 6, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DUSTIN WAYNE LEWIS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender; Katherine C. Ball and Abigail Line, University of Idaho Legal Aid Clinic, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Dustin Wayne Lewis appeals from his judgment of conviction for possession of a controlled substance. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Law enforcement officers were called to a hospital for a report that a woman had given birth to a baby who was exhibiting signs of possible drug withdrawal. The baby's mother declined to answer questions and did not provide information about the purported father. The officers were later called back to the hospital by security who reported that drug paraphernalia was found in the mother's hospital room. There, the officers learned that the baby's presumed father, Lewis, wished to speak with them.

1

The officers arranged to meet Lewis in the parking area of the hospital. Lewis was interviewed by the officers at a nearby picnic bench. Lewis informed the officers that he did not own the vehicle he drove to the hospital and that it belonged to one of his friends who was incarcerated. Lewis did not indicate whether he was authorized to use the vehicle nor did the officers ask. Lewis told the officers that he was on parole and had not used methamphetamine for several months. At some point during the interview, a canine unit officer arrived with a drug dog and performed a drug-detection sniff on the exterior of the vehicle. When the drug dog alerted, the officers conducted a search of the vehicle and found methamphetamine, marijuana, and drug paraphernalia. Lewis was read his *Miranda*[1] rights and spoke to the officers about the drugs. Lewis admitted ownership of the drugs and that he had used drugs a few days prior.

The State charged Lewis with felony possession of a controlled substance (methamphetamine), possession of drug paraphernalia, misdemeanor possession of a controlled substance (marijuana), and alleged he is a persistent violator of the law. Lewis filed a motion to suppress, asserting that the drug dog's trespass onto the vehicle's exterior was unlawful, the search waiver he signed as a condition of parole did not give the officers consent to search the vehicle, and searches by a drug dog should be subject to the heightened protections of Article I, Section 17 of the Idaho Constitution. The district court held a hearing on the motion and heard testimony from several witnesses. The district court denied Lewis's motion, concluding that the State conceded that the drug dog's exterior sniff constituted an unlawful search due to trespass. The district court found the testimony of the vehicle's owner, the owner's father, and the owner's roommate to be more credible than Lewis's and determined that he did not have authorization to drive the vehicle on the day of his arrest. The district court concluded that, because Lewis did not have permission to drive the vehicle, he did not establish a privacy or property interest in the vehicle and thus did not have standing to challenge the search.

Thereafter, Lewis entered a conditional guilty plea to felony possession of a controlled substance (I.C. § 37-2732(c)) and an amended sentence enhancement for a second drug offense (I.C. § 37-2739). Lewis reserved the right to appeal the denial of his motion to suppress. As part of the plea agreement, the State dismissed the additional charges. Lewis appeals.

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Mindful of this Court's decision that a driver must be authorized to use a vehicle to have a reasonable expectation of privacy and therefore have standing to challenge a search of the vehicle, Lewis asserts the district court erred in denying his motion to suppress. *See State v. Hanson*, 142 Idaho 711, 132 P.3d 468 (Ct. App. 2006), *abrogated by State v. Howard*, 169 Idaho 379, 496 P.3d 865 (2021). Specifically, Lewis argues that, because he had a reasonable expectation of privacy in the vehicle, he had standing to challenge the search of the vehicle. The State argues that, because Lewis was not authorized to drive the vehicle at the time of the search, he did not have a privacy interest in the vehicle and thus did not have standing to challenge the search. We hold that Lewis has failed to show the district court erred in denying his motion to suppress based on Lewis's lack of standing.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). Even if a search is improper, however, only individuals whose Fourth Amendment rights were violated by the search may obtain suppression of evidence. *Hanson*, 142 Idaho at 716, 132 P.3d at 473. To have standing to challenge a search, a defendant must have either a privacy interest or a property interest in the place searched. *Id.* at 717, 132 P.3d at 474. Whether a defendant has standing to challenge a search under an expectation of privacy presents a two-part inquiry: (1) whether the

3

individual, by his conduct, has exhibited a subjective (actual) expectation of privacy, and (2) whether the individual's subjective expectation of privacy is one that society is prepared to acknowledge as reasonable under the circumstances. *State v. Rebo*, 168 Idaho 234, 239, 482 P.3d 569, 574 (2020).

The district court found that, although Lewis "may have exhibited a subjective expectation of privacy in the [vehicle] by virtue of driving it and possessing the keys," he failed to establish that he was given permission to drive the vehicle by "either [the vehicle's] owner or someone with authority over it." The district court determined that Lewis's testimony that he believed he was permitted to drive the vehicle was not "credible or reliable" and was contradicted by the testimony of the owner, the owner's father, and the owner's roommate. The district court found that, based on Lewis's testimony, the owner's father told Lewis that he could no longer drive the vehicle at some point between the birth of his baby and arrest. The district court determined that any permission given to Lewis to drive the vehicle had been rescinded by the owner's father "at the time the unlawful canine sniff occurred," thus negating Lewis's belief he had permission to drive it on the day of his arrest. The district court, therefore, concluded that Lewis failed to establish a privacy interest in the vehicle and lacked standing to contest the search.

On appeal, Lewis argues that his subjective expectation of privacy in the vehicle was reasonable, and thus he had standing to challenge the search. Lewis makes his arguments "mindful" of this Court's decision in *Hanson*, 142 Idaho 711, 132 P.3d 468. There, we held that the mere status as the driver is insufficient to give one a reasonable expectation of privacy in a vehicle. *Id.* at 719, 132 P.3d at 476. We concluded that, if a defendant does not present evidence of authorization to drive a vehicle, a defendant driving the vehicle is insufficient to confer standing. *Id.* Lewis did not present "credible and reliable testimony" to the district court that he had authorization to drive the vehicle. Although Lewis was driving the vehicle when it was searched, the district court found that he did not have permission to do so. Lewis does not challenge this finding, and we will not presume error. We agree with the district court that Lewis did not have a reasonable expectation of privacy in the vehicle and lacked standing to challenge the search. Accordingly, the district court did not err in denying Lewis's motion to suppress.

**IV.**

**CONCLUSION**

Lewis has failed to show the district court erred when it denied his motion to suppress because Lewis did not present evidence that he was authorized to drive the vehicle and did not have a reasonable expectation of privacy to confer standing to challenge the search. Therefore, Lewis's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge TRIBE and Judge Pro Tem MELANSON, **CONCUR**.