**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52159**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 13, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JACOB LEVI SMITH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction for destruction, alteration, or concealment of evidence and being a persistent violator, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender; Katherine C. Ball, Joshua Bruce Holmstead, and Faith E. Quigley, University of Idaho Legal Aid Clinic, Boise, for appellant. Faith E. Quigley argued.

Hon. Raúl R. Labrador, Attorney General; T. Michael MacEgan, Deputy Attorney General, Boise, for respondent. T. Michael MacEgan argued.

---

LORELLO, Judge

Jacob Levi Smith appeals from his judgment of conviction for destruction, alteration, or concealment of evidence and being a persistent violator. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officers responded to a vacant dirt lot behind a local business after receiving a tip from an identified caller reporting suspicious behavior. The caller had a cargo trailer that was kept in the vacant lot with expensive equipment inside and reported that he had been watching a group, who was being "super shady." The caller described multiple individuals huddled around a vehicle,

1

sorting through backpacks, and additional vehicles coming and going. The caller reported that one individual had a handgun on his hip and wore a red sweater with a marijuana leaf and the word "addicted" on it. The call was reported to officers as possible drug activity.

When officers arrived, they saw Smith sitting in a vehicle and asked him to exit. Smith complied by exiting the vehicle with his hands raised. The officers saw Smith had a handgun on his hip, explained they were responding to a report of a person with a handgun, and asked Smith to step away from the vehicle so they could talk to him. In response, Smith fled the scene and hid in a storage shed at a nearby residence. Smith eventually surrendered and was taken into custody. Shortly after apprehending Smith, an officer discovered the handgun hidden in a bush near the vacant lot. Smith was charged with unlawful possession of a firearm, concealment of evidence, unlawful entry, and two counts of resisting arrest. The State also charged Smith with a persistent violator sentencing enhancement.

Smith filed a motion to suppress, arguing the officers did not have reasonable suspicion to conduct an investigative stop based on the tip received from the caller. The district court denied the motion, finding that the officers had reasonable suspicion to perform a brief investigative stop based on the observations reported by the caller. The district court also found the duration of the stop was not unreasonable. Pursuant to a plea agreement, Smith entered a conditional guilty plea to destruction, alteration, or concealment of evidence (I.C. § 18-2603) and the persistent violator sentencing enhancement (I.C. § 19-2514), reserving his right to challenge the denial of his motion to suppress. The State dismissed the remaining charges. Smith appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

2

## III.

## ANALYSIS

Smith argues the caller's tip did not provide reasonable suspicion to perform an investigative stop because no articulable facts demonstrated that Smith was engaged in criminal activity. Smith further contends that officers could not establish reasonable suspicion to detain him based on the dispatch notes reporting a possible narcotics violation. The State responds that Smith has failed to show the district court erred in denying the motion to suppress because the officers had reasonable suspicion to support an investigative stop. We hold that the facts found by the district court and the applicable law support the district court's conclusion that the officers had reasonable articulable suspicion for an investigatory detention.

A warrantless detention is justified if there is a reasonable and articulable suspicion that the individual has committed or is about to commit a crime. *Florida v. Royer*, 460 U.S. 491, 498 (1983); *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *State v. Fairchild*, 164 Idaho 336, 341, 429 P.3d 877, 882 (Ct. App. 2018). Reasonable suspicion requires more than a hunch, it must be based on specific, articulable facts and the rational inferences that can be drawn from those facts. *Fairchild*, 164 Idaho at 341, 429 P.3d at 882. An officer's rational inferences may be drawn from the officer's experience and law enforcement training. *Id.* Reasonable suspicion may also be based on information reported by a citizen about suspected criminal activity. *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009). To justify an investigative detention, however, the information must bear sufficient indicia of reliability in light of the totality of the circumstances. *Id.* Factors indicative of reliability include whether: the reporting party reveals his or her identity and the basis of his or her knowledge; the location of the reporting party is known; the information was based on firsthand observations of events as they were occurring; the information the reporting party provided was subject to immediate confirmation or corroboration by police; the reporting party has previously provided reliable information; the reporting party provides predictive information; and the reporting party could be held criminally liable if the report was discovered to be false. *Id.* at 812, 203 P.3d at 1211. Information from an identified reporting party is generally reliable for purposes of determining reasonable suspicion. *Id.* The reasonable suspicion determination is based on an evaluation of the totality of the circumstances. *Fairchild*, 164 Idaho at 341, 429 P.3d at 882.

At the hearing on the motion to suppress, the State stipulated that Smith's brief detention by the officers was a warrantless seizure. As such, the State was required to present evidence that the officers had reasonable articulable suspicion to support the detention. The district court, in its order denying the motion to suppress, found: the reporting party identified a group of people and vehicles gathered around a green vehicle; the caller provided his name and contact information to dispatch; the group was going through backpacks; and the group was in an unpaved parking lot behind a local business. The district court further found that the officers had been told to respond to a suspicious vehicle, a man with a handgun, and the possible presence of narcotics. When the officers arrived, they saw Smith sitting in the vehicle that matched the description and license plate provided by the caller. The officers asked Smith to step out of his vehicle, identified themselves as officers, and told him they were responding to a call about someone with a handgun. The officers testified that, in their view, Smith was being detained for a drug investigation. Smith got out of his vehicle with his hands in the air, asked the officers why he was being asked to speak with them, and was again told about the dispatch call. Smith slowly moved further out of the vehicle and around the door until the officers could see the handgun on his hip before he ran away from the officers to the opposite side of the empty lot. The officers testified that it was unusual for a person to run from them immediately upon being asked to step out of a vehicle. Smith was apprehended after the officers searched the surrounding neighborhood. Smith's handgun was found in a bush in the area where he fled.

Based on the foregoing findings, the district court concluded there was sufficient reasonable suspicion to support Smith's investigative detention. We agree. The caller provided his name and contact information, the exact location of the empty lot, and his own firsthand observations as they were occurring and had just occurred. The caller gave a detailed description of Smith's clothing, including the handgun attached to his hip. The caller requested that officers come to the empty lot because the conduct was "super shady." On appeal, Smith does not challenge the reliability of the information provided by the caller but, instead, contends the information was insufficient to satisfy the reasonable suspicion standard, equating instead to a hunch based on a subjective characterization of "super shady" behavior. The caller's characterization of the activity does not, however, render the factual basis for that opinion irrelevant. Instead, the facts reported by the caller, which were corroborated by the officers upon

4

arriving at the scene, coupled with the officer's training and experience related to illegal drug activity, support the district court's reasonable suspicion determination. *See Fairchild*, 164 Idaho at 341-42, 429 P.3d at 882-83 (holding that citizen's report of defendant's "odd behavior" connected to parking his vehicle on a dead-end road, in addition to information obtained by law enforcement that the owner of the vehicle had a history of drug use provided reasonable suspicion for a detention).

Similar to *Fairchild*, the totality of the circumstances found by the district court justified an investigatory detention of Smith. While there may be an innocent explanation for some of the circumstances, taken together, the circumstances warranted further investigation. *See Terry*, 392 U.S. at 22 (explaining that "a series of acts, each of them perhaps innocent . . . taken together warranted further investigation"). Smith has failed to show the district court erred in denying his motion to suppress.

## IV.
## CONCLUSION

The officers had reasonable articulable suspicion supporting their detention of Smith. Smith has failed to show the district court erred in denying his motion to suppress. Accordingly, Smith's judgment of conviction for destruction, alteration, or concealment of evidence and being a persistent violator is affirmed.

Chief Judge TRIBE and Judge HUSKEY, **CONCUR**.