**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50817**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 24, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ERIC MICHAEL FITZPATRICK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for felony driving under the influence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Eric Michael Fitzpatrick appeals from his judgment of conviction for felony driving under the influence (DUI). Fitzpatrick claims the district court erred in denying his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In July 2022, at approximately 11:30 p.m., while on patrol, Sergeant Scally believed he heard an automobile accident nearby. Responding to the scene, he discovered a vehicle had rear-ended an unoccupied vehicle parked on the side of the road. As Sergeant Scally approached, Fitzpatrick was waving his arms while standing in the open doorway of the vehicle that had crashed into the unoccupied vehicle. Sergeant Scally contacted Fitzpatrick and observed that he smelled of alcohol, was unsteady on his feet, and was speaking in a slow and slurred manner. Fitzpatrick

1

admitted to consuming alcohol. Sergeant Scally began a DUI investigation and requested Fitzpatrick's identification in order to run a background check. While awaiting the results from dispatch, Corporal Hancuff arrived to assist. The background check revealed Fitzpatrick had two prior DUI convictions--one in Idaho from 2013 and one in Utah from 2018--both flagged with ".08BACPLI," indicating to Sergeant Scally that the convictions involved a blood alcohol concentration (BAC) of 0.08 or greater. To verify the details, Sergeant Scally contacted the records division for a more comprehensive "Triple I" report, which confirmed the prior convictions. After speaking with Fitzpatrick, Corporal Hancuff reviewed Fitzpatrick's driving record on Sergeant Scally's dashboard computer, noting the two prior DUI convictions involving a BAC of .08 or greater led Corporal Hancuff to believe he was investigating a felony DUI. Corporal Hancuff conducted field sobriety tests, which Fitzpatrick failed. Meanwhile, Sergeant Scally received confirmation regarding the two prior DUI convictions and, after Corporal Hancuff placed Fitzgerald in the patrol vehicle to administer breath tests, Sergeant Scally informed Corporal Hancuff of the confirmation of the prior DUIs. During the waiting period for the breath tests, Corporal Hancuff contacted the prosecutor's office and received confirmation that the Utah conviction was based on a BAC of at least 0.08. Given these findings and the results of the breath tests, which revealed Fitzpatrick's breath alcohol content was .209/.198, he was arrested for felony DUI, Idaho Code § 18-8005(6), due to his two prior DUI convictions.

Fitzpatrick filed a motion to suppress all evidence obtained as a result of the arrest. He argued that his arrest was unlawful under *State v. Clarke*, 165 Idaho 393, 446 P.3d 451 (2019), which holds that a warrantless arrest for a completed misdemeanor is generally impermissible unless the offense occurs in the officer's presence. Since Fitzpatrick's driving and the accident did not occur in the officer's presence, he contended that Corporal Hancuff did not have sufficient knowledge at the time of the arrest to establish probable cause for a felony DUI as he had not confirmed that the Utah conviction was "substantially conforming" to Idaho's DUI laws, a requirement to elevate the offense to a felony under I.C. § 18-8005(6). The State opposed the motion, arguing that both Corporal Hancuff and Sergeant Scally were aware of Fitzpatrick's two prior DUI convictions, which provided a basis for probable cause to arrest him for felony DUI.

The district court held a hearing on the motion, during which it admitted bodycam footage from both officers and Fitzpatrick's driving history into evidence. Sergeant Scally and Corporal Hancuff testified about the events leading up to the arrest, including their review of Fitzpatrick's

driving record and the steps taken to verify his prior convictions. In its written decision, the district court ruled that the officers had sufficient probable cause to arrest Fitzpatrick for felony DUI, noting that both officers had reviewed his driving history, were aware of the two prior DUI convictions, and had confirmed with the prosecutor's office that the Utah conviction involved a BAC of 0.08 or greater. The district court rejected Fitzpatrick's argument that the officers were required to determine whether the Utah conviction was "substantially conforming" before making the arrest, emphasizing that this is a legal determination for the court to make, not the officers. Consequently, the district court denied Fitzpatrick's motion to suppress.

Fitzpatrick entered a conditional guilty plea to felony DUI, reserving the right to appeal the district court's order denying his motion to suppress. Fitzpatrick appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Fitzpatrick asserts the district court erred when it denied his motion to suppress because Corporal Hancuff did not have sufficient knowledge regarding his Utah DUI conviction to develop probable cause for a felony DUI arrest. Specifically, he argues the driving history that Corporal Hancuff reviewed on Sergeant Scally's dashboard computer did not adequately inform him that Fitzpatrick had been convicted of DUI under a foreign statute that substantially conformed with Idaho's DUI statute. Therefore, since the officer did not witness Fitzpatrick's driving or have sufficient information to elevate the misdemeanor DUI to a felony, Fitzpatrick argues that his arrest was in violation of Article I, Section 17 of the Idaho Constitution and *Clarke*. The State contends that the district court did not err because all the information known to the officers at the time of

the arrest, considered together with the information contained in Fitzpatrick's driving history, adequately informed them that Fitzpatrick had driven under the influence and had two prior DUI convictions for a BAC greater than .08 in the last ten years, which provided probable cause to support his arrest for felony DUI. Further, the State argues the district court correctly determined that the officers did not need to determine that the Utah statute was substantially conforming to Idaho's statute as that determination is within the province of the courts to determine as a matter of law.

Both the Fourth Amendment to the United States Constitution and Article I, Section 17 of the Idaho Constitution prohibit unreasonable searches and seizures. U.S. CONST. amend. IV; IDAHO CONST. art. I, § 17. Warrantless arrests are presumptively unreasonable. *State v. Sessions*, 165 Idaho 658, 660, 450 P.3d 306, 308 (2019). However, a warrantless arrest by law enforcement is reasonable and lawful under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. *State v. Lee*, 162 Idaho 642, 649, 402 P.3d 1095, 1102 (2017). Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that a person they have placed under arrest is guilty of a crime. *State v. Williams*, 162 Idaho 56, 66, 394 P.3d 99, 109 (Ct. App. 2016). Probable cause is not measured by the same level of proof required for conviction. *State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). Rather, it is a flexible, common-sense standard that deals with probabilities and the factual and practical considerations on which reasonable and prudent persons act. *Brinegar v. United States*, 338 U.S. 160, 175 (1949).

That said, warrantless arrests for completed misdemeanors that did not occur in the arresting officer's presence violate Article I, Section 17 of the Idaho Constitution even if probable cause exists for the arrest. *Clarke*, 165 Idaho at 399, 446 P.3d at 457; *see State v. Bell*, 172 Idaho 451, 456, 533 P.3d 1247, 1252 (2023) ("Thus, for misdemeanors, a warrantless arrest may occur only if the offense was *committed in the arresting officer's presence*."). No amount of knowledge gained by the arresting officer *after* making a warrantless arrest for a misdemeanor committed outside of his or her presence can retroactively support the arrest or remedy the unconstitutionality of that arrest. *State v. Amstutz*, 169 Idaho 144, 148, 492 P.3d 1103, 1107 (2021). Accordingly, in Idaho an impaired driver cannot be lawfully arrested for a misdemeanor DUI if the offense was

committed outside of the arresting officer's presence. *See Reagan v. Idaho Transportation Dep't*, 169 Idaho 689, 698, 502 P.3d 1027, 1036 (2021).

The State does not dispute that Fitzpatrick was arrested for a DUI that was completed outside of the arresting officer's presence. While driving under the influence is a misdemeanor offense by default in Idaho, I.C. §§ 18-8004(1)(a), 18-8005, the offense is enhanced to a felony if the person has been convicted of two or more DUIs under Idaho law or "any substantially conforming foreign criminal violation, or any combination thereof" within the previous ten years, I.C. § 18-8005(6). The question here is whether Fitzpatrick's arrest was supported by probable cause to believe he had committed a felony DUI.

The district court found that before Fitzpatrick's arrest, Sergeant Scally and Corporal Hancuff had both reviewed Fitzpatrick's driving record on a dashboard computer and learned that he had a prior misdemeanor DUI conviction in Idaho in 2013 and an out-of-state DUI conviction in 2018. Furthermore, the district court found that both officers knew the convictions were for driving under the influence with a BAC of at least .08 because the driving history contained a standardized notation next to both convictions indicating as much. Sergeant Scally testified that the notation "GT08BACPLI" displayed on the driving record next to each of Fitzpatrick's prior DUI convictions indicated that those convictions were for driving under the influence with a BAC of .08 or greater. Similarly, Corporal Hancuff testified that he personally looked at Sergeant Scally's dashboard computer screen and understood based on his training that both of Fitzpatrick's prior DUI convictions were for having a .08 BAC or greater and, therefore, he proceeded with his DUI investigation believing it was a felony. The district court found that Corporal Hancuff believed Fitzpatrick was subject to an arrest for felony DUI before Corporal Hancuff even administered the field sobriety tests because Corporal Hancuff knew that Fitzpatrick had two prior DUI convictions within the previous ten years and met the BAC threshold required under Idaho law.

On appeal, Fitzpatrick maintains the district court erred when it denied his motion to suppress. Mindful of *Amstutz* and *State v. Carr*, 123 Idaho 127, 844 P.2d 1377 (Ct. App. 1992), Fitzpatrick argues Officer Hancuff did not have sufficient knowledge of his prior Utah DUI conviction in order to develop probable cause for a felony DUI arrest. Absent probable cause for felony DUI, Fitzpatrick asserts Officer Hancuff arrested him for a completed misdemeanor DUI in violation of *Clarke*.

5

In *Amstutz*, the Idaho Supreme Court held an officer did not have sufficient knowledge to establish probable cause to arrest for felony DUI. *Amstutz*, 169 Idaho at 150, 492 P.3d at 1109. There, the officer had probable cause that the defendant committed a misdemeanor DUI outside the officer's presence, but the officer could not recall whether he looked at the "driver's return" from dispatch before arresting the defendant. *Id*. at 148, 492 P.3d at 1107. That driver's return showed two prior DUI convictions. *Id*. at 145, 492 P.3d at 1104. Because the officer did not have knowledge of the prior DUI convictions at the time of the arrest, the Court ruled the officer's arrest was unlawful under *Clarke*. *Id*.

In *Carr*, the defendant argued he did not commit the offense of driving without privileges in the officer's presence because the officer, who conducted a valid traffic stop for another violation, did not know the defendant's license was suspended. *Carr*, 123 Idaho at 130, 844 P.2d at 1380. The defendant asserted the officer had to learn of the license suspension from the defendant at the time of the stop or had to know in advance about the suspension. *Id*. The officer saw the defendant driving, the defendant did not produce a driver's license for the officer, and the officer confirmed his suspicion of the suspension "with the teletype information relayed from dispatch." *Id*. This Court held this information was sufficient to establish probable cause for the license suspension. *Id*.

In this case, the officers understood not only that Fitzpatrick had two prior DUI convictions within the last ten years, but also that both of his prior DUI convictions were for driving under the influence with a .08 BAC or greater since the ACD code ".08BACPLI" appeared next to both convictions in the driving history. Here, unlike *Amstutz*, the district court found that the officers reviewed the dispatch information before the arrest. Consequently, the officers recognized that Fitzpatrick's out-of-state conviction was based on the same BAC threshold as Idaho, and Corporal Hancuff knew at that point that he was investigating a possible felony DUI. As in *Carr*, the officers' reliance on the information relayed to them from dispatch on the dashboard computer, combined with their own observations of Fitzpatrick at the scene, was sufficient to establish probable cause to arrest Fitzpatrick for felony DUI. Here, the arresting officer was personally aware of the information in Fitzpatrick's driving record at the time Fitzpatrick was arrested, which provided probable cause that the DUI being investigated was a felony.

As noted, Fitzpatrick claims that the arresting officer was required to confirm, prior to arrest, that the DUI conviction from Utah was "substantially conforming" to qualify as a DUI under Idaho law. The district court reasoned:

> Whether a foreign criminal violation is substantially conforming is a question of law to be determined by the court. I.C. § 18-8005(10); *State v. Moore*, 148 Idaho 887, 897, 231 P.3d 532, 542 (Ct. App. 2010). Thus, it is not an objective fact on which probable cause is typically based. Indeed, the statute expressly places the determination of whether a foreign criminal violation is "substantially conforming" on the shoulders of the court, not the officer. Probable cause does not require law enforcement to act as "legal technicians," but rather with reason and prudence.

In Idaho, the legislature exclusively delegated the power to the courts to determine whether a foreign criminal violation substantially conforms with Idaho's DUI laws. *See* I.C. § 18-8005(10) ("The determination of whether a foreign criminal violation is substantially conforming is a question of law to be determined by the court."). The district court did not err in refusing to require the officer to confirm that the foreign conviction was substantially conforming in order to have probable cause to arrest based on the prior out-of-state conviction. We affirm the district court's denial of Fitzpatrick's motion to suppress because the officers had probable cause of the felony DUI at the time of Fitzpatrick's arrest.

## IV.

## CONCLUSION

The officer had probable cause to support arresting Fitzpatrick for felony DUI. Accordingly, the district court did not err in denying Fitzpatrick's motion to suppress. The judgment of conviction is affirmed.

Chief Judge LORELLO and Judge TRIBE **CONCUR**.

7