**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50848**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 9, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RICHARD ALLEN NOYES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment of conviction for possession of a controlled substance and sentencing enhancement, <u>affirmed</u>.

Nevin, Benjamin & McKay LLP; Valeri Kiesig, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Richard Allen Noyes appeals from his judgment of conviction for possession of a controlled substance and a sentencing enhancement for a second or subsequent offense. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A probation officer went to perform a residence verification for Noyes, who was on probation. Noyes' girlfriend answered the door, confirmed that Noyes was home, and attempted to close the door on the officer. The officer stopped the door with his foot, entered the home, and followed Noyes' girlfriend downstairs. Noyes was in the shower and his girlfriend went into the bathroom where the officer could hear the two having a whispered conversation. Noyes' girlfriend exited the bathroom, ignored the officer's request to stay put, and entered the bedroom. The officer

1

asked Noyes' girlfriend to exit the bedroom and, after Noyes came out of the bathroom, the officer placed them both in handcuffs. The officer then asked them if he would find anything of concern in the bedroom. Both admitted that there may be controlled substances in their bedroom. The officer searched the room and found methamphetamine.

After discovering the methamphetamine, the officer called for assistance and an additional officer arrived. This officer read Noyes and his girlfriend their *Miranda*[1] rights, spoke to them about the methamphetamine, and obtained admissions from both that they shared the bedroom where the discovery was made.

The initial residence verification was made as a requirement of Noyes' probation agreement. The probation agreement Noyes signed provides:

> **SEARCH**: I consent to lawful searches by any agent of the [Idaho Department of Correction] and understand that searches may be conducted of my person, residence, vehicle, personal property, and other real property or structures owned or leased by me, or for which I am the controlling authority. I hereby waive my Fourth Amendment rights under the Idaho and United States Constitutions concerning searches.

Noyes was charged with possession of a controlled substance. I.C. § 37-2732(c). Noyes filed a motion to suppress evidence related to the search because the first officer did not provide *Miranda* warnings before questioning Noyes about the possible presence of drugs in his home. The district court denied the motion, and the evidence was presented at trial. A jury found Noyes guilty of possession of a controlled substance. Noyes then admitted to a sentencing enhancement for a second or subsequent drug offense. I.C. § 37-2739. Noyes appeals.[2]

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[2]     Noyes was also charged with and found guilty of possession of drug paraphernalia. However, he does not challenge this judgment of conviction on appeal.

suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Noyes argues that the district court erred when it denied his motion to suppress. Noyes concedes that he agreed to allow an officer to search his home under the terms of his probation agreement. However, he argues that the officer failed to provide *Miranda* warnings after placing Noyes in handcuffs. Noyes contends that he was subject to a coercive custodial interrogation and therefore *Miranda* warnings were required. Noyes contends that the coercive interrogation resulted in involuntary statements which led the officer to discover the methamphetamine that should be excluded as fruit of the poisonous tree. The State responds that the district court properly found that *Miranda* warnings were not required because Noyes was not subject to a custodial interrogation. Rather, as the district court found, Noyes admitted to the presence of drugs in his home during a conversation with the probation officer that was typical of such a routine residence check even though Noyes was in handcuffs during the conversation. Even assuming a *Miranda* violation, the State contends suppression of the physical evidence in this case was not warranted unless Noyes' statements were involuntary and that Noyes failed to preserve this argument on appeal. The State further argues that any error would be harmless in light of the totality of the evidence presented at trial.

The requirement for *Miranda* warnings is triggered by custodial interrogation. *State v. Medrano*, 123 Idaho 114, 117, 844 P.2d 1364, 1367 (Ct. App. 1992). Custody is defined as a situation where a person's freedom of action is curtailed to a degree associated with formal arrest. *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *State v. Myers*, 118 Idaho 608, 610, 798 P.2d 453, 455 (Ct. App. 1990). To determine if a suspect is in custody, the only relevant inquiry is how a reasonable person in the suspect's position would have understood the situation. *Berkemer*, 468 U.S. at 442; *Myers*, 118 Idaho at 611, 798 P.2d at 456. Whether someone is subject to a custodial interrogation depends on the objective circumstances of the interrogation, not on the subjective

3

views harbored by either the interrogating officers or the person being questioned. *Stansbury v. California*, 511 U.S. 318, 323 (1994).

A trial court must consider all of the circumstances surrounding the interrogation. *Stansbury*, 511 U.S. at 322; *State v. James*, 148 Idaho 574, 577, 225 P.3d 1169, 1172 (2010). Factors to be considered may include the degree of restraint on the person's freedom of movement (including whether the person is placed in handcuffs), whether the subject is informed that the detention is more than temporary, the location and visibility of the interrogation, whether other individuals were present, the number of questions asked, the duration of the interrogation or detention, the time of the interrogation, the number of officers present, the number of officers involved in the interrogation, the conduct of the officers, and the nature and manner of the questioning. *See Berkemer*, 468 U.S. at 441-42; *James*, 148 Idaho at 577-78, 225 P.3d at 1172-73. The burden of showing custody rests on the defendant seeking to exclude evidence based on a failure to administer *Miranda* warnings. *James*, 148 Idaho at 577, 225 P.3d at 1172.

Noyes was in his own residence with his girlfriend during the encounter with his probation officer who was there to perform a residence check authorized by Noyes' probation agreement, and the probation officer confirmed Noyes was home before entering. The officer placed Noyes and his girlfriend in handcuffs in response to what the officer described as "erratic" behavior from Noyes' girlfriend, which presented a safety concern for the officer, who was alone. The interaction between the probation officer, Noyes, and his girlfriend was conversational and typical of a residence verification check. This situation is readily distinguishable from the type of incommunicado police-dominated interrogation contemplated by *Miranda*. *See State v. Massee*, 132 Idaho 163, 165, 968 P.2d 258, 260 (Ct. App. 1998) (concluding that "questioning by a probation officer in the familiar surroundings of [the probationer's] own home, in the presence of his girlfriend, is readily distinguishable" from the situation in *Miranda* that required the defendant to be provided warnings explaining his rights).

Although Noyes was placed in handcuffs, substantial evidence supports the district court's determination that the officer placed Noyes in handcuffs to ensure officer safety. *See State v. Phipps*, 166 Idaho 1, 8, 454 P.3d 1084, 1091 (2019) (recognizing law enforcement interests during a legal search of a residence include preventing flight, minimizing the risk of harm to the officers, and the orderly completion of the search). When considered in light of the totality of the

4

circumstances, the interaction between Noyes and his probation officer did not constitute a custodial interrogation that required *Miranda* warnings.[3] Noyes has failed to show error in the district court's denial of his motion to suppress.

## IV.

## CONCLUSION

Noyes has failed to show error in the district court's denial of his motion to suppress. Accordingly, Noyes' judgment of conviction for possession of a controlled substance and a sentencing enhancement is affirmed.

Judge HUSKEY and Judge TRIBE, **CONCUR**.

---

[3] Because we conclude there was no custodial interrogation, we need not address the parties' other arguments.