# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51497

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 19, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JACKLYN LEE BAUER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Jacklyn Lee Bauer appeals from her judgment of conviction for possession of a controlled substance. Bauer claims the district court erred in denying her motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

An officer initiated a traffic stop of a vehicle driven by Bauer for multiple offenses including an obstructed license plate. While speaking with Bauer, the officer observed a "torch lighter" on the front passenger seat that he believed was an item commonly used to assist in ingesting narcotics. The officer called for an additional officer and a narcotic-trained drug dog. While the officer prepared a citation for the obstructed license plate, the second officer arrived with his drug dog. Bauer was asked to exit her vehicle so the drug dog could conduct a free-air sniff of the vehicle. The drug dog alerted "near the rear driver-side bumper and wheel of Bauer's

1

vehicle before jumping up and placing [its] paw on the front driver-side door and giving a final indication at the driver-side front door." The State does not challenge that the drug dog put its paw on the vehicle prior to the final indication.

Based on the alert, the officers searched the vehicle. The officers found a pipe and a baggie of what appeared to be methamphetamine. The State charged Bauer with possession of a controlled substance and possession of drug paraphernalia. Bauer filed a motion to suppress the evidence seized during the stop, arguing the warrantless search of her vehicle violated her rights under the United States and Idaho Constitutions. After a hearing, the district court denied Bauer's motion to suppress.

The district court found that the search did not violate Article I, Section 17 of the Idaho Constitution. Additionally, it found that Bauer did not consent to the drug dog placing its paw on her vehicle. Finally, the district court found that:

> [B]efore [the drug dog] touched [its] paw against the driver's door, [its] behavior of: head snapping, closed mouth sniffing intently, bracketing back-and-forth, and [its] tail moving in a rotor-like manner, established that [the drug dog] was "in odor" and that such a change in behavior constituted an alert that provided probable cause for the search.

Pursuant to a plea agreement, Bauer entered a conditional guilty plea to possession of a controlled substance (Idaho Code § 37-2732(c)), and the State dismissed the remaining charge. Bauer appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

# III.

## ANALYSIS

On appeal, Bauer argues that this Court should disavow its ruling in *State v. Ricks*, 173 Idaho 74, 539 P.3d 190 (Ct. App. 2023). In *Ricks*, this Court held that probable cause may exist even if the drug dog has not given its final indication pinpointing the odor's strongest source. *Id.* at 77, 539 P.3d at 193. On appeal, Bauer argues, to the extent the district court relied on *Ricks* in finding the drug dog's "signaling behavior evidenced that [it] was in odor prior to the final alert and trespass, that case was wrongly decided and should be overruled by this Court." The State argues the district court correctly denied the motion to suppress. We have previously been asked to overrule *Ricks* and have declined to do so. *See State v. Fitzpatrick*, ___ Idaho ___, ___ P.3d ___ (Ct. App. 2025); *State v. Scheid*, ___ Idaho ___, 567 P.3d 798 (Ct. App. 2025); *State v. Morgan*, 175 Idaho 334, 565 P.3d 275 (Ct. App. 2025). We continue to adhere to those decisions today.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and, therefore, violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). A reliable drug dog's sniff of the exterior of a vehicle is not a search under the Fourth Amendment and does not require either a warrant or an exception to the warrant requirement. *See Illinois v. Caballes*, 543 U.S. 405, 409 (2005).

Article I, Section 17 of the Idaho Constitution, similarly provides that:

> The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue without probable cause shown by affidavit, particularly describing the place to be searched and the person or thing to be seized.

The automobile exception to the warrant requirement allows police to search a vehicle without a warrant when there is probable cause to believe the vehicle contains contraband or evidence of a crime. *See United States v. Ross*, 456 U.S. 798, 823-24 (1982). Probable cause is established when the totality of the circumstances known to the officer at the time of the search would give rise--in the mind of a reasonable person--to a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Anderson*, 154 Idaho 703, 706,

3

302 P.3d 328, 331 (2012). Probable cause is a flexible common-sense standard, requiring only a practical, nontechnical probability that incriminating evidence is present. *Id.*

In *Florida v. Harris*, 568 U.S. 237 (2013), the United States Supreme Court noted that evidence of a dog's satisfactory performance in a certification or training program can itself provide sufficient reason to trust his alert and that, if a bona fide organization has certified a dog after testing his reliability in a controlled setting, a court can presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search. *Id.* at 246-47. Finally, the Court in *Harris* ruled that, if the State has produced proof from controlled settings that a dog performs reliably in detecting drugs and the defendant has not contested that showing, the trial court should find probable cause. *Id.* at 248.

The Idaho Supreme Court has recognized the distinction between a drug dog's general alert behavior and the dog's trained final indication. *State v. Howard*, 169 Idaho 379, 384, 496 P.3d 865, 870 (2021). The Court noted that the absence of a final indication is not *ipso facto* an absence of probable cause. *Id.* The Court also noted the testimony of the dog's handler is important for proving a dog's general alert to establish probable cause. The Idaho Supreme Court in *State v. Randall*, 169 Idaho 358, 369, 496 P.3d 844, 855 (2021), stated the drug dog handler's testimony was necessary "to explain why [the dog's] behavior was an objectively reliable indication that narcotics were present." *See also United States v. Thomas*, 726 F.3d 1086, 1098 (9th Cir. 2013) (holding that "evidence from a trained and reliable handler about alert behavior he recognized in his dog can be the basis for probable cause"); *Howard*, 169 Idaho at 384, 496 P.3d at 870 (explaining that, "without objective evidence bearing on the reliability of [the dog's] behavior before his trained alert, we are left with little more than our intuition about the significance of that behavior").

In *Ricks*, this Court held that probable cause may exist even if the drug dog has not given its final indication pinpointing the odor's strongest source. This Court also held that the "language in *Randall* and *Howard* indicates the Idaho Supreme Court would adopt a rule allowing for probable cause based on a dog's general alert and despite the absence of a dog's final indication." *Ricks*, 173 Idaho at 77, 539 P.3d at 193. This Court concluded "a dog's signaling behavior of a general alert--such as the dog's breathing, posture, body movements, and verbal responses--can constitute probable cause." *Id.* at 79, 539 P.3d at 195.

4

Bauer contends the district court erred in denying her motion to suppress because, under *State v. Dorff*, 171 Idaho 818, 526 P.3d 988 (2023), a warrantless search of her vehicle occurred when, without her consent, the drug dog trespassed against her vehicle for the purpose of obtaining information about (or related to) her vehicle. Bauer argues that this "Court should reject the *Ricks* Court's analysis and hold that probable cause is not established unless and until a trained and reliable drug dog makes its final alert." In support of her argument, Bauer claims that such a bright-line rule "has the benefit of being easy to apply by officers in the field and by reviewing courts." She also argues that it "represents a properly narrow reading of the automobile exception to the warrant requirement."

The Supreme Court of the United States and the Idaho Supreme Court have made it clear that the reasonableness standard of the Fourth Amendment in general, and the probable cause standard in particular, are based on the totality of the circumstances, not bright-line rules. *See, e.g.*, *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983) (holding that the "totality-of-the-circumstances approach is far more consistent with our prior treatment of probable cause than is any rigid demand that specific 'tests' be satisfied" (footnote and internal citation omitted)).

In this case, the district court found the drug dog officer's testimony credible and that his testimony is consistent with what can be seen on his on-body video. The officer testified that he and the drug dog are POST (Peace Officer Standards and Training) certified as a dual-purpose team, working in both drug detection and apprehension. The officer estimated that he and the drug dog had nearly one thousand training hours in drug detection and apprehension combined. Further, the officer testified that the drug dog follows a consistent alerting process when it detects the odor of an illegal drug. Although the drug dog is trained to signal a "final indication" as to the source of narcotics--which it does by sitting and looking at the officer--the officer testified that, notwithstanding the drug dog's ability to signal a final indication, the drug dog's alert to the presence of narcotics is its change in behavior, while the sitting signal is only a final indication as to the scent's source. Accordingly, the district court found that the drug dog followed this alerting process and that these behaviors each took place before the drug dog touched the vehicle and provided probable cause to search the vehicle. The district court concluded that a "subsequent touching, after probable cause was established, does not vitiate that finding." We agree.

5

The district court correctly applied the probable cause standard to the totality of the circumstances known to the officers and properly denied Bauer's motion to suppress. Those circumstances included that, prior to any trespass or intermeddling with the vehicle, a trained drug dog engaged in behavior showing it had detected the odor of a controlled substance, including "head snapping, closed mouth sniffing intently, bracketing back-and-forth, and [its] tail moving in a rotor-like manner." The totality of the circumstances known to the officers at the time of the search created a probability that illegal narcotics were in the vehicle. Therefore, Bauer has failed to demonstrate error by the district court in determining that probable cause existed prior to the drug dog's trespass. Consequently, Bauer has failed to show that the district court erred in denying her motion to suppress.[1]

## IV.
## CONCLUSION

Substantial evidence supports the district court's probable cause findings. Accordingly, the district court did not err in denying Bauer's motion to suppress. Therefore, Bauer's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

---

[1] The district court concluded that Bauer consented to the drug dog "bumping" her vehicle but did not consent to the drug dog placing its paw on Bauer's vehicle. Because we conclude that the drug dog alerted to the presence of illegal narcotics before placing its paw on Bauer's vehicle, we need not address whether Bauer's ambiguous answers to the officer's questions equaled permission for the drug dog to place its paw on the vehicle.