**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51820**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 18, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| HAN UNG PARK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Han Ung Park appeals from his judgment of conviction for possession of a controlled substance. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Law enforcement stopped Park for a traffic violation, and a drug dog unit responded to the scene. This unit, comprised of an officer and a drug dog, was certified to detect controlled substances. The officer had the drug dog conduct an open-air sniff of the exterior of the vehicle. After sniffing around the exterior of the vehicle, the drug dog placed his paws on the passenger door and his nose into the open vehicle window. The drug dog then gave his trained final alert of

1

sitting, indicating he identified the presence and location of a controlled substance. At this point, officers conducted a search of the interior of the vehicle and found cocaine and drug paraphernalia.

Park was charged with possession of cocaine, possession of drug paraphernalia, and being a persistent violator. Park filed a motion to suppress, contending that the drug dog trespassed against the vehicle before his final alert. In response, the State argued probable cause to search Park's vehicle was established prior to any trespass. Following a suppression hearing, the district court denied the motion, finding there was probable cause to search Park's vehicle once the drug dog detected the odor of a controlled substance prior to his final alert and before putting his paws on the front passenger door. Thereafter, Park entered a conditional guilty plea to possession of a controlled substance (I.C. § 37-2732(c)), reserving the right to appeal the district court's denial of his motion to suppress. As part of the plea agreement, the State dismissed the additional charges. Park appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Park contends the district court erred in denying his motion to suppress, first arguing that this Court should disavow the ruling in *State v. Ricks*, 173 Idaho 74, 539 P.3d 190 (Ct. App. 2023). In *Ricks*, this Court held that probable cause may exist even if a drug dog has not given its final alert pinpointing the odor's strongest source. *Id.* at 77 n.1, 539 P.3d at 193 n.1. Park asserts that this Court should, instead, create a bright-line rule that a final alert is required. We decline to disavow *Ricks* or create a bright-line rule that a final alert is necessary to establish probable cause.

2

We have previously been asked to overrule *Ricks* and have declined to do so.  *See State v. Scheid*, ___ Idaho ___, 567 P.3d 798 (Ct. App. 2025); *State v. Morgan*, 175 Idaho 334, 565 P.3d 275 (Ct. App. 2025).  We continue to adhere to those decisions today.

Alternatively, Park argues that the officer lacked probable cause to believe Park's vehicle was the source of the odor detected by the drug dog prior to his final alert.  Specifically, Park argues that the evidence is insufficient to establish that the drug dog exhibited behaviors indicating the presence of controlled substances in the vehicle prior to the final alert.  The State responds that the record and applicable law support the district court's findings and conclusions.  We agree with the State and hold that Park has failed to show the district court erred in denying his motion to suppress.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures.[1]  Warrantless searches are presumed to be unreasonable and, therefore, violative of the Fourth Amendment.  *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995).  A reliable drug dog's sniff of the exterior of a vehicle is not a search under the Fourth Amendment and does not require either a warrant or an exception to the warrant requirement.  *See Illinois v. Caballes*, 543 U.S. 405, 409 (2005).  The automobile exception to the warrant requirement allows police to search a vehicle without a warrant when there is probable cause to believe the vehicle contains contraband or evidence of a crime.  *United States v. Ross*, 456 U.S. 798, 823-24 (1982).

The district court reviewed the video evidence and considered the officer's testimony in concluding that the drug dog's behavior indicated the presence of a controlled substance prior to the drug dog making physical contact with Park's vehicle.  The officer testified that he had been a drug dog handler with the drug dog since 2017 and that he and the drug dog were POST-certified in drug detection.  Further, the officer and the drug dog completed 160 hours of drug detection training, followed by ongoing weekly training and recertification every fifteen months.  The officer also testified that the drug dog has never failed recertification--a task the drug dog must pass with

---

[1]     Article I, Section 17 of the Idaho Constitution similarly provides that the "right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue without probable cause shown by affidavit, particularly describing the place to be searched and the person or thing to be seized."

3

100 percent accuracy every time. Park has not challenged the evidence proving the dog's reliability, and we will not presume error. The testimony of a drug dog's handler is paramount in explaining why the dog's behaviors were an objectively reliable indication that narcotics were present. *See State v. Howard*, 169 Idaho 379, 384, 496 P.3d 865, 870 (2021); *State v. Randall*, 169 Idaho 358, 369, 496 P.3d 844, 855 (2021).

Additionally, as noted in *Ricks*, evidence of the drug dog's signaling behavior generally alerting to the odor of drugs supports a district court's probable cause findings. *Ricks*, 173 Idaho at 79, 539 P.3d at 195. Here, the officer specifically noted that, prior to the final alert, the drug dog followed a consistent pattern of behavior he exhibits only when he detects the odor of drugs, including closed-mouth rapid breathing and sniffing. The district court also noted that, while exhibiting these behaviors, the drug dog was pulling on his leash toward Park's car from across the street. Park does not argue that the district court's factual findings are erroneous. Rather, Park believes that the officer's interpretation of his drug dog's behaviors is inadequate to determine probable cause since the odor of drugs could have come from beyond his vehicle. The testimony of the officer (who may draw inferences based on experience and knowledge), along with the drug dog's indications, is sufficient to support a finding of probable cause in this case. *See Ornelas v. United States*, 517 U.S. 690, 700 (1996); *State v. Maahs*, 171 Idaho 738, 745, 525 P.3d 1131, 1138 (2023). Officers are allowed to draw reasonable inferences from the facts and circumstances, and those inferences may be based upon the officer's experience and law enforcement training. *See State v. Danney*, 153 Idaho 405, 410, 283 P.3d 722, 727 (2012); *State v. Swindle*, 148 Idaho 61, 64, 218 P.3d 790, 793 (Ct. App. 2009). The district court did not err in finding probable cause existed to search Park's vehicle.

## IV.

## CONCLUSION

Substantial evidence supports the district court's probable cause findings. Park has failed to show the district court erred in denying his motion to suppress. Accordingly, Park's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

4