**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52230**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　　Plaintiff-Respondent,<br><br>v.<br><br>DAVID ANDREW VESTNYS,<br><br>　　　　Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed: February 13, 2026**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and sentence for possession of a controlled substance, <u>affirmed</u>; order denying motion to suppress, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

David Andrew Vestnys appeals from the district court's judgment of conviction for possession of a controlled substance. Vestnys argues the district court erred in denying his motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Law enforcement responded to a call from a citizen of a suspected prowler. While patrolling the area in response to the citizen call, and after observing unusual driving behavior, Deputy Perry stopped Vestnys for a missing rear license plate. As Deputy Perry approached the vehicle, the driver opened and closed the door and appeared to be reaching for or moving items inside the vehicle. Vestnys was ordered to stay in the vehicle and place his hands on the steering wheel as Deputy Perry called for backup. However, Vestnys continued to reach toward the center

1

console of the vehicle. Officers handcuffed Vestnys and, due to his behavior, Deputy Perry conducted a pat-down search for weapons but did not locate any. Vestnys was placed in the patrol car.

A second officer observed what appeared to be the grip of a firearm between the driver's seat and the console where Vestnys had been reaching earlier. The officer conducted a limited search of the vehicle for other weapons. Another officer arrived on scene and, upon learning of the observation of a weapon in the vehicle, decided to conduct a second pat-down search of Vestnys for weapons. The officer testified that the reason for the second pat-down search was because, from the officer's experience, weapons can be missed during a pat-down search. Additionally, the officer explained that Vestnys was wearing baggy clothing and persons with one weapon often have another. By the time Deputy Perry returned to the patrol car to speak with Vestnys and process the original objectives of the traffic stop, the second pat-down search had been completed. Based upon what the officer felt during the second pat-down search, Vestnys consented to a search of his pocket. The consensual search of Vestnys' pocket revealed a baggie with a trace amount of methamphetamine, which Vestnys admitted was his. Additional contraband was thereafter located in Vestnys' vehicle.

Vestnys filed a motion to suppress, arguing, as relevant to this appeal, the second pat-down search unlawfully extended the stop. The district court denied the motion to suppress, finding that the second pat-down search was reasonable under the circumstances and, moreover, did not extend the duration of the detention. Vestnys pled guilty to possession of a controlled substance (methamphetamine), Idaho Code § 37-2732(c)(1), reserving his right to appeal the district court's denial of his motion to suppress. Vestnys appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Mindful of precedent holding that, for Fourth Amendment purposes, an officer's activities unrelated to the stop unlawfully extend a stop only when they "add time" to the overall duration of the stop and conceding that the second pat-down search did not add time to the overall duration of the stop, Vestnys nonetheless maintains his detention was impermissibly extended by the second pat-down search.

A traffic-related seizure violates the Fourth Amendment if prolonged beyond the time reasonably required to complete the "mission" of the stop. *Rodriguez v. United States*, 575 U.S. 348, 350-51 (2015); *State v. Karst*, 170 Idaho 219, 223, 509 P.3d 1148, 1152 (2022). In other words, "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." *Rodriguez*, 575 U.S. at 350. Authority for a traffic-related seizure ends when the tasks related to the seizure are, or reasonably should have been, completed. *Rodriguez*, 575 U.S. at 354; *Linze*, 161 Idaho at 609, 389 P.3d at 154. Tasks related to a traffic stop include, but are not limited to, addressing the traffic violation precipitating the stop; determining whether to issue a citation; and making ordinary inquiries incident to the stop, such as checking the driver's license and proof of insurance. *Rodriguez*, 575 U.S. at 354-55. Additionally, an officer may also "take certain negligibly burdensome precautions in order to complete his mission safely, such as asking for the driver and passenger to exit the vehicle and conducting a criminal record check." *State v. Hale*, 168 Idaho 863, 867, 489 P.3d 450, 454 (2021) (quotation omitted).

When an officer deviates from the tasks related to the traffic stop, the traffic stop may be unconstitutionally delayed or prolonged. *See, e.g., Karst*, 170 Idaho at 227, 509 P.3d at 1156 (ruling officer unlawfully delayed stop by taking nineteen seconds to request a drug-dog unit); *Linze*, 161 Idaho at 607, 389 P.3d at 152 (ruling officer unlawfully delayed stop by serving backup function for officer conducting drug-dog sniff). However, whether an officer's conduct unlawfully prolongs a stop focuses on whether the conduct adds time "to the overall duration of the traffic stop." *State v. Riley*, 170 Idaho 572, 578, 514 P.3d 982, 988 (2022).

3

Here, the second pat-down search of Vestnys did not unlawfully prolong the traffic stop. Vestnys concedes that "the facts of this case show other officers were continuing to pursue the original objectives of [the] stop" when the second pat-down search was conducted. Further, Vestnys does not challenge the district court's finding that the second pat-down search did not extend the stop. Thus, Vestnys has not shown the district court erred in denying his motion to suppress.

## IV.

## CONCLUSION

The district court did not err in denying Vestnys' motion to suppress. Therefore, Vestnys' judgment of conviction and the district court's order denying Vestnys' motion to suppress are affirmed.

Chief Judge TRIBE and Judge LORELLO **CONCUR**.